# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| HB PARK APTS, LLC,<br><br>   *Plaintiff,*<br><br>v.<br><br>STATE AUTOMOBILE MUTUAL<br>INSURANCE COMPANY and WESTON<br>BRADBURY INSURANCE SERVICES,<br>LLC,<br><br>   *Defendants.* | § §  §  §  §  §  §  §  §  §  §   Civil Action No. 4:22-cv-00355<br>  Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Abate (Dkt. #9). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED.**

### BACKGROUND

Plaintiff HB Park Apts, LLC ("HB Park") owns and manages property located at 653 N. Henry Hynds Expy., Van Alstyne, Texas ("Property"). The Property was insured under a policy ("Policy") issued by Defendant State Automobile Mutual Insurance Company ("State Auto").

The Policy provided, among other things, that HB Park was required to notify State Auto of any loss and send a "signed, sworn proof of loss containing the information [State Auto] request[s] to investigate the claim . . . within 91 days after [the] request" (Dkt. #9, Exhibit 1 at p. 138). In the event of loss or damage to the Property, the Policy also required HB Park to submit to an examination under oath ("EUO") upon State Auto's request at such time as may be reasonably required (Dkt. #9, Exhibit 1 at p. 52). Significantly, under its "Legal Action Against Us" paragraph, the Policy limited HB Park's ability to sue State Auto unless HB Park fully complied with all of the Policy's terms (Dkt. #9, Exhibit 1 at pp. 52, 138).

On February 15, 2021, the Property suffered water damage as a result of leaking pipes. HB Park sent a notice of loss to State Auto on February 24, 2021. Thereafter, on March 1, 2021, State Auto sent HB Park a letter confirming that it had received HB Park's notice of loss (Dkt. #9, Exhibit 3). In this confirmation, State Auto also requested that HB Park produce a litany of documents that would assist State Auto with its claim evaluation (Dkt. #9, Exhibit 3 at p. 16). Additionally, State Auto notified HB Park that it "reserve[ed] the right to request an [EUO]" of an HB Park representative (Dkt. #9, Exhibit 3 at p. 16).

On June 29, 2021, HB Park provided State Auto with a sworn statement of proof of loss and some—though *not all*—of the documents that State Auto requested (Dkt. #9, Exhibit 8 at pp. 2–3; Dkt. #11, Exhibit 1 at pp. 1–2). On July 13, 2021, State Auto again notified HB Park of the documents that it initially asked for in its March 1, 2021 letter, but HB Park refused to provide most of the documents (Dkt. #9, Exhibit 4; Dkt. #11 at p. 4). Subsequently, on November 24, 2021,[1] State Auto requested that HB Park provide an EUO pursuant to the Policy (Dkt. #9, Exhibit 5). HB Park refused this request, and initiated this lawsuit on March 24, 2022, in state court, which State Auto removed to this Court on April 28, 2022 (Dkt. #1).

On June 2, 2022, State Auto filed the pending motion to abate the case until HB Park submits to an EUO (Dkt. #9). HB Park filed its response on June 15, 2022 (Dkt. #11). Subsequently, State Auto filed its reply on June 20, 2022 (Dkt. #12).

## LEGAL STANDARD

While "a 'motion to abate' is not expressly authorized by federal statute or rule. . . [f]ederal courts have authority to entertain such preliminary motions." *PJC Bros., LLC v. S&S Claims Serv.,*

---

[1] State Auto's motion indicates that it initially sent the EUO request by letter on November 10, 2021, but this letter was returned to the sender (Dkt. #9, Exhibit 2). State Auto later emailed the same request on November 24, 2022, to Everett Senter, the managing member of HB Park (Dkt. #9, Exhibit 5).

*Inc.*, 267 F.R.D. 199, 200 n. 1 (S.D. Tex. 2010). In doing so, courts must exercise their discretion "'in light of the policy against unnecessary dilatory motions.'" *Id.* (quoting 5C WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE § 1360 (3d ed. 2004)).

"Texas courts interpret insurance policies according to the rules of contractual construction." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010) (citations omitted). Accordingly, courts construing insurance policies under Texas law must "give contractual terms 'their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense.'" *Id.* (quoting *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996)). Further, unambiguous contracts are enforced as written. *Id.* Relevant here, "Suits Against Us" clauses or "No Action" clauses are valid conditions precedent in insurance policies. *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *2 (E.D. Tex. Oct. 30, 2015) (citations omitted). "In the case of an insurer trying to enforce a condition precedent . . . a proper remedy is abatement—or a stay of the proceedings—rather than barring the claim." *U.S. Pecan Trading Co., Ltd. v. Gen. Ins. Co. of Am.*, No. EP-08-CV-347-DB, 2008 WL 5351847, at *2 (W.D. Tex. Nov. 6, 2008) (citing *Lidawi v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 725, 735 (Tex. App.—Houston [14th Dist.] 2003, no pet.)).

## ANALYSIS

At the outset, the Court notes that it will exercise its discretion and entertain State Auto's motion to abate. *See PJC Bros., LLC*, 267 F.R.D. 199, at 200 n.1. State Auto argues that this action should be abated because HB Park has not fully complied with the Policy's terms—namely, by failing to provide an EUO upon State Auto's request. Thus, because the Policy provides that HB Park may not sue unless "[t]here has been full compliance with all the terms of this insurance" (Dkt. #9, Exhibit 1 at pp. 52, 138), State Auto maintains that this action should be abated until an

3

EUO has taken place. In response, HB Park's main argument is that State Auto's request for an EUO was untimely under the Policy, and therefore, HB Park was excused from complying with this term.

The Court disagrees that State Auto's request was untimely—excusing HB Park's requirement to take an EUO. In attempting to argue that State Auto's request was untimely, HB Park points to the Policy's "Claims Handling" provision (Dkt. #9, Exhibit 1 at p. 139). This provides, in relevant part, that "[State Auto] will provide notification [that more information is necessary] . . . within 15 business days after [it] receive[s] the signed, sworn proof of loss and all information [State Auto] requested" (Dkt. #9, Exhibit 1 at p. 139). HB Park avers that, because (1) an EUO request is a notification for more information and (2) State Auto's EUO request came four months after HB Park submitted its signed, sworn proof of loss, State Auto failed to comply with the relevant 15-business-day deadline. Even assuming that an EUO request is a notification that more information is necessary, HB Park's argument does not win the day.

Per the Policy's plain terms, the 15-business-day deadline only triggers "after [State Auto] receive[s] the signed, sworn proof of loss *and all information [State Auto] requested* . . ." (Dkt. #9, Exhibit 1 at p. 139) (emphasis added). Here, it is undisputed that State Auto requested documents to help with its claim evaluation, and HB Park failed to provide State Auto with at least some of those documents. *See* (Dkt. #9, Exhibit 8 at pp. 2–3; Dkt. #11, Exhibit 1 at pp. 1–2). As such, the deadline HB Park relies on does not apply because it did not provide State Auto with all of the documents that State Auto requested. Though HB Park "fails to see" how some of these documents are probative to its claim (Dkt. #11 at p. 4), State Auto has thoroughly explained how these documents are relevant to its claim evaluation. *See* (Dkt. #9, Exhibit 9 at pp. 2–3; Dkt. #12 at p. 4

4

n.18). Thus, HB Park's conclusory argument that these documents are irrelevant—made without the benefit of authority or any explanation whatsoever—is unconvincing.[2]

The only issue in this case, therefore, is whether this action should be abated due to HB Park's failure to comply with the EUO provision in the Policy. "Under Texas law, insurance policy provisions requiring an insured to submit to an [EUO] as a condition precedent to sustaining a suit on the policy are valid." *Cowan v. Sentry Ins. a Mut. Co.*, No. 4:17-CV-00437-O-BP, 2017 WL 3394185, at *2 (N.D. Tex. July 19, 2017), *report and recommendation adopted*, No. 4:17-CV-00437-O-BP, 2017 WL 3382658 (N.D. Tex. Aug. 4, 2017) (internal quotations and citations omitted). Accordingly, if the "insured fails to comply with a condition precedent requiring the insured to submit to an [EUO], the remedy is abatement of the case." *AXO Staff Leasing, LLC v. Zurich Am. Ins. Co.*, No. A-19-CV-00002-LY, 2019 WL 4418539, at *6 (W.D. Tex. Sept. 16, 2019). Courts have thus consistently held that when an (1) insurance policy contains an EUO provision, (2) the policy conditions the insured's right to file a lawsuit on compliance with the terms of the policy, and (3) the insurer makes a request for an EUO prior to the commencement of the suit, the action should be abated. *AXO Staff Leasing, LLC*, 2019 WL 4418539, at *6; *Gutierrez v. Geovera Specialty Ins. Co.*, No. CV H-12-3696, 2013 WL 12139381, at *2 (S.D. Tex. Feb. 20, 2013); *Miller v. State Farm Lloyds,* No. 1:17-CV-00338-MAC, 2018 WL 9869368, at *2 (E.D. Tex. Jan. 12, 2018). Here, the Policy contains an EUO provision and conditions HB Park's right

---

[2] HB Park also briefly asserts in its response that State Auto's EUO request was untimely because there is a 45-day deadline to reject or accept its claim under the Claims Handling provision (Dkt. #11 at p. 7). But HB Park misconstrues the Policy. Under the Claims Handling provision, State Auto is obligated to notify HB Park in writing if "[State Auto] needs additional time to reach a decision" and State Auto must state the reasons for why it needs more time (Dkt. #9, Exhibit 1 at p. 139). In turn, the Claims Handling provision further provides: "If [State Auto] notified [HB Park] that [State Auto] need[s] additional time to reach a decision, [State Auto] must then either approve or deny the claim within 45 days of such notice" (Dkt. #9, Exhibit 1 at p. 139). Thus, the 45-day deadline only applies assuming State Auto notified HB Park in writing that it needed additional time to reach a decision. And there is zero evidence before the Court, and HB Park has cited none, that suggests that State Auto provided such notification. Accordingly, HB Park's argument has no merit.

to sue upon compliance with all of the terms of the Policy (Dkt. #9 Exhibit 1 at pp. 52, 138). Moreover, State Auto requested the EUO prior to HB Park commencing this action (Dkt. #9, Exhibit 5). Therefore, this action should be abated.

Nevertheless, HB Park cites *In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 4 (Tex. App.—Corpus Christi–Edinburg 2011, no pet.), for the proposition that State Auto's EUO request should not be honored and abating the case is unnecessary. However, as State Auto points out, the facts of *In Re Cypress Tex. Lloyds* are not present here. In that case, the court held abating the case for an EUO was not required because "the [insurance] claim had been investigated and paid, and the request for an examination was made *after* litigation had been filed." 437 S.W.3d at 17 (emphasis added) (citation omitted). Meanwhile, in this case, State Auto has not made a claim determination and State Auto initiated its EUO request before the suit was filed (Dkt. #9, Exhibit 5; Dkt. #9, Exhibit 9). As a result, *In re Cypress Tex. Lloyds* is distinguishable, and the Court holds that the action should be abated. *See Bernal v. Travelers Lloyds of Tex. Ins. Co.*, No. 4:18-CV-04733, 2020 WL 1650721, at *1–2 (S.D. Tex. Mar. 26, 2020) (distinguishing *In re Cypress Tex. Lloyds* and holding that the case should be abated).

HB Park's other arguments against abatement are unavailing. For example, HB Park posits that depositions during the course of litigation obviate the need for an EUO, and the Federal Rules of Civil Procedure—not the parties' Policy—control whether State Auto can take an examination during this case (Dkt. #11 at p. 7). Federal courts have rejected these propositions time and time again when presented with motions to abate. *See AXO Staff Leasing, LLC*, 2019 WL 4418539, at *6 (rejecting insured's argument that the court "should ignore [the insured's] failure to comply with the conditions precedent in the Policy and deny abatement because . . . federal discovery rules should apply"); *Cowan*, 2017 WL 3394185, at *2 ("Cowan's argument that Sentry may seek the

6

same relief through discovery is unavailing."); *Cooper v. Metro. Lloyds Ins. Co. of Tex.*, No. 3:17-CV-1640-L, 2018 WL 620206, at *4 (N.D. Tex. Jan. 30, 2018) ("Although Plaintiff argues that Defendant can obtain the information it seeks through discovery, the proper remedy for failure to comply with conditions precedent is abatement of the case."). Therefore, abatement is still the proper remedy until HB Park submits to an EUO under the Policy.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Abate (Dkt. #9) is hereby **GRANTED.**

It is further **ORDERED** that this case shall be abated until HB Park submits to an EUO per the terms of the parties' Policy.

It is further **ORDERED** that the parties shall notify the Court once HB Park has submitted to an EUO and this case no longer needs to be abated.

**IT IS SO ORDERED.**

**SIGNED** this 13th day of January, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE